UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ELRIDGE JOSEPH SANCHEZ, JR.                    CIVIL ACTION

VERSUS                                          NO. 20-2973

ANCO INSULATIONS, INC., ET AL                  SECTION "R" (4)

# ORDER AND REASONS

There are two motions before the Court. Defendant, Huntington Ingalls Incorporated ("Avondale"), moves to dismiss plaintiffs claim for loss of consortium, service, and society.[1] Defendant, Lamorak Insurance Company ("Lamorak"),[2] moves for summary judgment.[3] Plaintiff has not opposed either motion. For the reasons below, the Court grants both motions.

---

[1] R. Doc. 141.
[2] Lamorak indicates that it is erroneously referred to as "OneBeacon America Insurance Company, formerly known as Commercial Union Insurance Company," in the complaint. R. Doc. 136-3 at 1.
[3] R. Doc. 136. No other party has joined in and adopted Lamorak's motion for summary judgment.

I.      **BACKGROUND**

Plaintiff, Elridge Joseph Sanchez, Jr., alleges that defendant Avondale sold, distributed, and maintained asbestos and asbestos-containing products to which he was exposed.[4] Specifically, plaintiff testified in his deposition that he began going to an establishment called "Gomez's Bar" in 1974 or 1975.[5] Plaintiff contends that Avondale employees would frequently go to Gomez's Bar after their work in the Avondale shipyard.[6] Plaintiff alleges that the Avondale workers' clothes were covered with asbestos dust while they were inside the bar.[7] Plaintiff alleges that he inhaled asbestos while inside the bar.[8] Sanchez alleges that he was diagnosed with malignant mesothelioma as a result of his asbestos exposure.[9]

Plaintiff filed a petition for damages in state court on April 20, 2020.[10] In his state-court petition, Sanchez sued Avondale, Lamorak (Avondale's alleged insurer),[11] and twenty-eight additional defendants and insurers that plaintiff alleges are liable for exposing him to asbestos at various points in

---

4     R. Doc. 1-1 at 8 ¶ 22.
5     R. Doc. 136-4 at 3 (Gomez Deposition at 93:14).
6     R. Doc. 1-1 at 8 ¶ 22.
7     *Id.*
8     *Id.*
9     *Id.* at 9 ¶ 28.
10    R. Doc. 1 at 2 ¶ 2; R. Doc. 1-1 at 1.
11    R. Doc. 1-1 at 4 ¶ 2; *see also* R. Doc. 136-2 at 1 ¶ 1 (Lamorak Statement of Uncontested Facts).

his life. Sanchez seeks damages for, among other things, pain and suffering, lost wages, and loss of consortium, service, and society.[12] Avondale removed the case to this Court, asserting that the requirements for diversity jurisdiction are satisfied under 28 U.S.C. § 1332.[13]

Avondale now moves to dismiss plaintiff's claim for loss of consortium claim, service, and society.[14] It asserts that plaintiff's complaint does not provide a factual basis to recover damages on this claim.[15] Defendant Lamorak moves for summary judgment,[16] arguing that it is undisputed that Avondale had no Lamorak insurance policy in effect when plaintiff was allegedly exposed to asbestos attributable to Avondale.[17] Plaintiff did not file opposition to either Avondale's motion or to Lamorak's motion. The Court considers the motions below.

---

[12] R. Doc. 1-1 at 21-22 ¶ 80.
[13] R. Doc. 1 at 2.
[14] R. Doc. 141.
[15] R. Doc. 141-1 at 2.
[16] R. Doc. 136.
[17] R. Doc. 136-2 ¶ 3 (Lamorak's Statement of Undisputed Facts).

## II. LEGAL STANDARD

### A. 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.* "In addition to facts alleged in the pleadings, however, the district court 'may also consider matters of which [it] may take judicial notice.'" *Hall v. Hodgkins*, 305 F.

4

App'x 224, 227 (5th Cir. 2008) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)).

### B. Summary Judgment

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of

fact to find for the non-moving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for

6

resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 '*mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322 (emphasis added))).

In the Fifth Circuit, a district court may not grant a "default" summary judgment on the ground that it is unopposed. *Morgan v. Federal Exp. Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015) (collecting cases). Even in the context of unopposed motions for summary judgment, the movant must still show that there is no genuine issue of material fact, and that it is entitled to summary judgment as a matter of law. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995). When a motion for summary judgment is unopposed, a court may accept the movant's statement of facts as undisputed. *Morgan*, 114 F. Supp. 3d at 437 (quoting *UNUM Life Ins. Co. of America v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002)). Still, if the moving party fails to meet its burden to show the absence of a genuine issue of material fact, the Court must deny the motion for summary judgment. *Hetzel*, 50 F.3d at 362 n.3.

## III. DISCUSSION

### A. Avondale's Motion to Dismiss

In Louisiana,[18] damages for loss of consortium, service, and society are compensable under the same cause of action. *See Ferrell v. Fireman's Fund Ins.*, 696 So. 2d 569, 574 (La. 1997) ("Louisiana has established a cause of action for loss of consortium, service, and society.") (citing La. Civ. Code Ann. art. 2315 (B)); *Bellard v. South Central Bell Telephone Co.*, 702 So.2d 695, 707 (La. App. 3 Cir. 1997) ("Loss of consortium is more than just a loss of general overall happiness, it also includes love and affection, society and companionship, sexual relations, the right of performance of material services, the right of support, aid, and assistance, and felicity.").

This cause of action "is a derivative claim of the primary victim's injuries." *Shepard v. State Farm Mut. Auto. Ins.*, 545 So. 2d 624, 629 (La. App. 4 Cir. 1989), *writ denied*, 550 So. 2d 627 (La. 1989). That is, the nature of a loss of consortium, service, and society claim is that *another* person has been injured, in a manner that, in turn, injures the plaintiff. *See Allemand v. Discovery Homes, Inc.*, 38 So. 3d 1183, 1188 (La. App. 1 Cir. 5 2010)

---

[18]   There is no dispute that Louisiana law governs this analysis. *See* R. Doc. 11-1 at 1. The Court notes that plaintiff alleges he is domiciled in Louisiana and that the alleged exposure attributable to Avondale occurred in Louisiana. R. Doc. 1-1 at 1 ¶ 1, 8 ¶ 22.

("[C]laims for loss of consortium clearly compensate the beneficiaries for their own damages *as a result of their relationship with the victim*, albeit separate and distinct from the victim's injuries." (emphasis added)); *see also Yoes v. Shell Oil Co.*, 657 So. 2d 241, 247 (La. App. 5 Cir. 1995) ("Loss of consortium, loss of services and society are elements of damages that *occurs to the relation* of a party who suffers an injury . . . ." (emphasis in original)), *writ denied*, 663 So. 2d 714 (La. 1995); *cf. Brock v. Singleton*, 65 So. 3d 649, 657 (La. App. 5 Cir. 2011) (noting that loss of consortium for family members is "due to family members of the injured party, not to the injured party"), *writ denied*, 69 So. 3d 1160 (La. 2011). Thus, to survive Avondale's motion to dismiss, Sanchez's complaint must contain allegations indicating that another person has been injured in a manner that would give rise to plaintiff's loss of consortium, service, and society claim.

There are no such allegations in plaintiff's complaint. Instead, plaintiff seeks to recover damages for the alleged injuries he sustained as a result of asbestos exposure.[19] There is one allegation in plaintiff's complaint, in which plaintiff contends that he was also exposed to asbestos dust from his father's clothing,[20] but plaintiff does not allege that his father was injured from that

---

[19] R. Doc. 1-1 at 11 ¶¶ 33-36.
[20] R. Doc. 1-1 at 7 ¶ 21.

9

alleged exposure. Nor does plaintiff allege that he suffered an injury as a result of any injury to another person, as a claim for loss of consortium, service, and society requires. *See Ferrell*, 696 So. 2d at 574 (noting that the claim "does not come into existence until someone else is injured"). Accordingly, the Court grants Avondale's motion to dismiss Sanchez's claim for loss of consortium, service, and society.

### B. Lamorak's Motion for Summary Judgment

Lamorak contends that it is entitled to summary judgment because Sanchez cannot show that he suffered any asbestos exposure attributable to Avondale at a time when Lamorak insured Avondale.[21] The Court finds the facts set out in Lamorak's statement of facts are undisputed, as Sanchez did not file any opposition. *Morgan*, 114 F. Supp. 3d at 437 (collecting cases for the proposition that if no opposition has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment).

Under Louisiana law, insurer liability in the context of asbestos cases is governed by the "exposure theory." *Cole v. Celotex Corp.*, 599 So. 2d 1058, 1076-77 (La. 1992); *see also Arceneaux v. Amstar Corp.*, 200 So. 3d 277, 285 (La. 2016) (noting that coverage is triggered under the exposure theory for asbestos exposure cases and other long latency disease claims). "Briefly

---

[21]   R. Doc. 136-3 at 2.

stated, the exposure theory provides that coverage is triggered by the mere exposure to the harmful conditions during the policy period." *Cole*, 599 So. 2d at 1076. "The exposure theory . . . relies on the principle that an insurer will only be responsible within the terms of its policy for those damages arising out of the period the policy is in effect." *Arceneaux*, 200 So. 3d at 282.

Here, it is undisputed that plaintiff sued Lamorak as the alleged insurer of James Bull and Henry Zac Carter, the alleged executive officers of Avondale.[22] It is also undisputed that plaintiff's earliest alleged exposure attributable to Avondale occurred in 1974.[23] And finally, it is undisputed that Lamorak did not issue any policies of insurance to Avondale that were in effect after July 5, 1972.[24] Accordingly, plaintiff cannot establish that he suffered asbestos exposure attributable to Avondale at a time when Lamorak provided insurance coverage to Avondale. The Court grants Lamorak's motion for summary judgment.

---

[22] R. Doc. 136-2 at 1 ¶ 2 (Lamorak's Statement of Undisputed Facts).
[23] *Id.*
[24] *Id.* at 1 ¶ 3

11

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Avondale's motion to dismiss, dismissing plaintiff's claims of loss of consortium, service, and society. The Court also GRANTS Lamorak's motion for summary judgment and dismisses plaintiff's claims against Lamorak.

New Orleans, Louisiana, this __21st__ day of April, 2021.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE