UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELDRIDGE JOSEPH SANCHEZ, JR. | CIVIL ACTION |
| VERSUS | NO. 20-2973 |
| ANCO INSULATIONS, INC., ET AL. | SECTION "R" (4) |

## ORDER AND REASONS

Before the Court is defendant the McCarty Corporation's ("McCarty") motion to stay these proceedings.[1] Defendant Huntington Ingalls Incorporated joins the motion.[2] Plaintiff does not oppose the motion, and no other party has expressed an objection.[3] For the following reasons, the Court grants the motion, staying and administratively closing this case until September 12, 2021.

## I. BACKGROUND

McCarty's motion arises out of the alleged insolvency of its insurer, Lamorak Insurance Company ("Lamorak").[4] In its motion, McCarty

---

[1] R. Doc. 154.
[2] *Id* at 1.
[3] *Id.*
[4] Lamorak was originally named as a defendant in this matter, but the Court dismissed the company on summary judgment on April 21, 2021. *See* R. Doc. 147.

contends that, on March 11, 2021, a Pennsylvania state court declared Bedivere Insurance Company ("Bedivere")—an entity that includes Lamorak by merger—insolvent, and placed Bedivere in liquidation.[5] As an insured of Lamorak, McCarty asserts two grounds upon which, it argues, a stay should be granted. First, it argues that the Court is bound by Louisiana Revised Statute § 22:2068(A). McCarty asserts that the Louisiana statute requires a six-month stay of claims from the date of insolvency against Lamorak and any insureds for which Lamorak was providing a defense, including McCarty.[6] Second, McCarty invokes the Court's inherent authority to manage its docket and asserts that a stay of all proceedings is justified to manage this litigation efficiently.[7] McCarty ultimately asks the Court to enforce a stay of all proceedings until six months after the date of Lamorak's liquidation order.[8] The Court considers the motion below.

---

5   R. Doc. 154-2 at 1.
6   R. Doc. 154 at 1-2.
7   *Id.* at 2.
8   *Id.*

## II. DISCUSSION

### A. The Louisiana Statute

McCarty first invokes the Louisiana Insurance Guaranty Association Law ("LIGAL"), La. Rev. Stat. § 22:2051, *et seq.* LIGAL creates LIGA, which it defines as "a private nonprofit unincorporated legal entity" that must perform certain duties under the LIGAL. La. Rev. Stat. § 22:2056. For example, the LIGAL provides that LIGA "shall . . . [b]e obliged to pay covered claims . . . existing prior to the determination of the insurer's insolvency . . . ." La. Rev. Stat. § 22:2058. "In the event that a member-carrier became insolvent, it was envisioned that LIGA would assume all the benefits and obligations of the direct insurance policies underwritten by the defunct carrier." *Sifers v. Gen. Marine Catering Co.*, 892 F.2d 386, 388 (5th Cir. 1990) (applying Louisiana law); *see also Morris v. E. Baton Rouge Par. Sch. Bd.*, 826 So. 2d 46, 51 (La. App. 1 Cir. 2002) ("Under the provisions of [LIGAL], when a claim is made against an insolvent insurer, LIGA steps into the shoes of the insolvent insurer.").

McCarty asserts that the Court must enforce a stay under the following provision of the LIGAL:

> All proceedings in which the insolvent insurer is a party or is obligated to defend a party in any court in this state shall be

> stayed for six months and such additional time as may be determined by the court from the date the insolvency is determined to permit proper defense by the association of all pending causes of action.

La. Rev. Stat. § 22:2068(A). McCarty contends that, because Lamorak is an insolvent insurer within the meaning of the statute, the automatic-stay provision requires a stay of plaintiff's claims against Lamorak's insureds, including McCarty.[9]

"The intent of [Section 22:2068(A) is] to give Louisiana Insurance Guaranty Association an adequate opportunity to review claims against the failed insurance company and enter a timely defense . . . ." *Webb v. Blaylock*, 590 So. 2d 643, 645 (La. App. 3 Cir. 1991), *writ denied*, 591 So. 2d 700 (La. 1992). Here, plaintiff's complaint contains factual allegations against McCarty, one of Lamorak's insureds.[10] A stay would afford time for LIGA—which now stands in Lamorak's shoes by operation of law—to investigate plaintiff's theories of recovery.

Nevertheless, the Court need not resolve whether it is bound by the stay provision in Section 22:2068(A). As explained below, the Court invokes its inherent power to stay a proceeding to order a brief stay of this case.

---

9  *Id.*
10  R. Doc. 1-1 ¶ 65.

4

## B. Discretionary Authority

"A district court has inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This inherent authority extends to granting a stay in an appropriate proceeding. *See, e.g.*, *Landis*, 299 U.S. at 254; *Complaint of Hornbeck Offshore (1983) Corp.*, 981 F.2d 752, 755 (5th Cir. 1993); *United States v. FEDCON Joint Venture*, No. 16-13022, 2017 WL 897852, at *1 (E.D. La. Mar. 7, 2017); *Suzlon Infrastructure, Ltd. v. Pulk*, No. 09-2206, 2010 WL 3540951, at *4 (S.D. Tex. Sept. 20, 2010). Although the Court has discretion to grant a stay, that discretion "is not unbounded." *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983). "[S]tay orders will be reversed when they are found to be immoderate or of an indefinite duration." *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982) (collecting cases). "Generally, the moving party bears a heavy burden to show why a stay should be granted absent statutory authorization, and a court should tailor its stay so as not to prejudice other litigants unduly." *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 203 n.6 (5th Cir. 1985).

The U.S. Supreme Court's decision in *Landis* governs the Court's analysis in terms of the factors it must consider in deciding whether to grant a discretionary stay. *See, e.g., Ha Thi Le v. Lease Fin. Grp., LLC*, No. 16-14867, 2017 WL 2915488, at *6 (E.D. La. May 9, 2017) (citing *Landis* in determining whether to grant a discretionary stay); *FEDCON Joint Venture*, 2017 WL 897852, at *1 (same); *Harch Hyperbarics, Inc. v. Martinucci*, No. 09-7467, 2011 WL 2119077, at *6 (E.D. La. May 26, 2011) (same). Under *Landis*, the Court "must weigh competing interests and maintain an even balance" when considering whether to grant a stay. *Landis*, 299 U.S. at 254-55. Courts consider the following factors in applying *Landis*: "(1) any hardship imposed on the moving party by proceeding with the action, (2) any prejudice to the non-moving party if the stay is granted, and (3) the interests of judicial economy." *Maples v. Donzinger*, No. 13-223, 2014 WL 688965, at *2 (E.D. La. Feb. 21, 2014); *see also Strong ex rel. Tidewater, Inc. v. Taylor*, No. 11-392, 2013 WL 81889, at *2 (E.D. La. Mar. 5, 2013) (considering these three factors); *Collins v. Angiodynamics, Inc.*, No. 13-5431, 2013 WL 5781708, at *2 (E.D. La. Oct. 15, 2013) (same).

The Court finds that the considerations here weigh in favor of a six-month stay from the date of the Pennsylvania order. As to the first factor—the hardship imposed on the moving party—the Court finds that McCarty,

6

the moving party, would benefit from a stay. LIGA now stands in Lamorak's shoes as to plaintiff's claims against McCarty, one of Lamorak's insureds. A stay provides LIGA with time to investigate the claims against McCarty. The Court takes into account the hardships that McCarty and LIGA would experience were litigation to proceed before LIGA had the opportunity to prepare a defense. Accordingly, the Court finds that the first factor weighs in favor of a stay.

As to the second factor—prejudice to the non-moving party—the Court notes that no party, including plaintiff, opposes McCarty's motion to stay.[11] Accordingly, the Court finds that this factor does not weigh against a stay.

As to the third factor, the Court considers judicial economy. This case involves several alleged manufacturers and distributors of asbestos-containing materials, insurers, and other corporate entities.[12] Were the Court to stay proceedings against only McCarty, and not plaintiff's claims against other parties, the Court finds that litigation would proceed in a haphazard and inefficient manner. The Court finds that the third factor weighs in favor of granting the stay.

---

[11]  R. Doc. 154 at 1.
[12]  R. Doc. 1-1 at 1-4 ¶ 2.

Taking the above factors into account, the Court finds that a brief, six-month administrative stay of the entire case, from the date of the Pennsylvania state court's liquidation order is necessary to ensure that litigation proceeds in an efficient and orderly fashion.

### III. CONCLUSION

Accordingly, the Court GRANTS McCarty's motion. This matter is STAYED and ADMINISTRATIVELY CLOSED until September 12, 2021.

New Orleans, Louisiana, this __2nd__ day of July, 2021.

*Sarah Vance*
_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE