UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ELDRIDGE JOSEPH SANCHEZ, JR.                CIVIL ACTION

VERSUS                                       NO. 20-2973

ANCO INSULATIONS, INC., ET AL.               SECTION "R" (4)


## ORDER AND REASONS

Before the Court are two motions for summary judgment, filed respectively by Viking Pump, Inc. ("Viking")[1] and Grefco, Inc.[2] No party opposes the motions.[3] For the following reasons, the Court grants both motions.

## I.  BACKGROUND

This is an asbestos-exposure case. Decedent Eldridge Joseph Sanchez, Jr. alleged that he was exposed to asbestos-containing products manufactured by, *inter alia*, Viking and Grefco, and developed

---

[1]  R. Docs. 209 & 237.
[2]  R. Docs. 210 & 238.
[3]  Defendant and cross-claimant Huntington Ingalls, Inc. ("Avondale") initially opposed these defendants' motions, and sought a deferral of the motions until new plaintiffs could be substituted for the decedent. *See* R. Docs. 212 & 213. Plaintiffs were substituted on December 17, 2021. *See* R. Docs. 216 & 217. Viking and Grefco have now re-filed their motions, this time with no opposition from either Avondale or plaintiff.

mesothelioma as a result. Viking and Grefco have each moved for summary judgment, contending that there is no evidence that Sanchez was exposed to their respective products. Viking and Grefco each point to plaintiff's deposition testimony,[4] discovery responses,[5] and expert reports,[6] which they contend make no mention of Viking, Grefco, or their products. There is no opposition to either motion.

The Court considers the motion below.

## II. DISCUSSION

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving

---

[4]   R. Doc. 237-1 at 4-5; R. Doc. 238-1 at 4.
[5]   R. Doc. 237-1 at 5; R. Doc. 238-1 at 4.
[6]   R. Doc. 237-1 at 5-6; R. Doc. 238-1 at 5.

party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324.

The Court finds that both Viking and Grefco have discharged their respective summary-judgment burdens by pointing out that plaintiff's evidence is inadequate to meet essential elements of his claims against them. Specifically, plaintiff is unable to meet his burden to show that (1) he had "significant exposure" to Viking or Grefco's products, and that (2) exposure to their products "was a substantial factor in bringing about his injury." *Rando v. Anco Insulations, Inc.*, 16 So. 3d 1065, 1091 (La. 2009) (quoting *Asbestos v. Bordelon, Inc.*, 726 So. 2d 926, 948 (La. App. 4 Cir. 1998)); *see also Vodanovich v. A.P. Green Indus., Inc.*, 869 So. 2d 930, 932 (La. App. 4 Cir. 2004) (indicating that plaintiff bears the burden of proof on both elements).

Plaintiff does not oppose Viking's or Grefco's motions for summary judgment. Accordingly, he has not pointed to evidence creating an issue of material fact, nor has he provided the Court with any other reason for denying summary judgment to these defendants. *See Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's

3

case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Viking's motion for summary judgment,[7] and GRANTS Grefco's motion for summary judgment.[8] Plaintiff's claims against Viking and Grefco are DISMISSED WITH PREJUDICE.

Because the cross-claims against Viking and Grefco have already been dismissed,[9] no claims against these entities remain. Viking and Grefco are hereby dismissed as defendants in this matter.

New Orleans, Louisiana, this __14th__ day of March, 2022.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[7]   R. Docs. 209 & 237.
[8]   R. Docs. 210 & 238.
[9]   R. Docs. 262 & 263.