UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ELDRIDGE JOSEPH SANCHEZ, JR.                     CIVIL ACTION

VERSUS                                            NO. 20-2973

ANCO INSULATIONS, INC., ET AL.                    SECTION "R" (4)


**ORDER AND REASONS**

Before the Court are three motions for summary judgment, filed respectively by Crown Cork & Seal, Co. ("CC&S"),[1] Atwood & Morrill,[2] and Crescent Materials Service, Inc. ("Crescent Materials")[3] (collectively, "movants"). No party opposes the motions.

For the following reasons, the Court grants the motions.

**I.   BACKGROUND**

This is an asbestos-exposure case. Decedent Eldridge Joseph Sanchez, Jr. alleged that he was exposed to asbestos-containing products manufactured or sold by, *inter alia*, CC&S, Atwood & Morrill, and Crescent Materials, and developed mesothelioma as a result. CC&S, Atwood & Morrill, and Crescent Materials have each moved for summary judgment,

---

[1]   R. Doc. 248.
[2]   R. Doc. 249.
[3]   R. Doc. 250.

contending that there is no evidence that Sanchez was exposed to their respective products. Movants point to the summary-judgment record, including plaintiff's deposition testimony[4] and expert reports,[5] which they contend contains no evidence of exposure to their products. There is no opposition to these motions.

The Court considers the motions below.

## II. DISCUSSION

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving

---

[4] R. Doc. 248-1 at 3; R. Doc. 249-1 at 3; R. Doc. 250-1 at 3.
[5] R. Doc. 248-1 at 3.

2

party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324.

The Court finds that CC&S, Atwood & Morrill, and Crescent Materials have each discharged their respective summary-judgment burdens by pointing out that plaintiff's evidence is inadequate to meet the essential elements of his claims against them. Specifically, plaintiff is unable to meet his burden to show that (1) he had "significant exposure" to movants' products, and that (2) exposure to their products "was a substantial factor in bringing about his injury." *Rando v. Anco Insulations, Inc.*, 16 So. 3d 1065, 1091 (La. 2009) (quoting *Asbestos v. Bordelon, Inc.*, 726 So. 2d 926, 948 (La. App. 4 Cir. 1998)); *see also Vodanovich v. A.P. Green Indus., Inc.*, 869 So. 2d 930, 932 (La. App. 4 Cir. 2004) (indicating that plaintiff bears the burden of proof on both elements).

Plaintiff does not oppose these motions for summary judgment. Accordingly, he has not pointed to evidence creating an issue of material fact, nor has he provided the Court with any other reason for denying summary judgment to these defendants. *See Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on

3

which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS CC&S's,[6] Atwood & Morrill's,[7] and Crescent Materials's[8] motions for summary judgment. Plaintiff's claims against CC&S, Atwood & Morrill, and Crescent Materials are DISMISSED WITH PREJUDICE.

Because the cross-claims against these movants have already been dismissed,[9] no claims against these entities remain. CC&S, Atwood & Morrill, and Crescent Materials are hereby dismissed as defendants in this matter.

New Orleans, Louisiana, this __15th__ day of March, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[6]  R. Doc. 248.
[7]  R. Doc. 249.
[8]  R. Doc. 250.
[9]  R. Docs. 264, 265 & 266.