UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ELDRIDGE JOSEPH SANCHEZ, JR.              CIVIL ACTION

VERSUS                                     NO. 20-2973

ANCO INSULATIONS, INC., ET AL.            SECTION "R" (4)

## ORDER AND REASONS

Before the Court are seven motions for summary judgment, filed respectively by John Crane, Inc. ("JCI"),[1] Pharmacia, LLC,[2] Bayer CropScience, Inc.,[3] Crane Company ("Crane"),[4] Century Indemnity Company ("Century"),[5] Zurich American Insurance Company ("Zurich"),[6] and Goulds Pumps, LLC ("Goulds")[7] (collectively, "movants"). No party opposes the motions.

For the following reasons, the Court grants the motions, and dismisses all claims against these defendants.

---

[1]   R. Doc. 306.
[2]   R. Doc. 309.
[3]   R. Doc. 314.
[4]   R. Doc. 316.
[5]   R. Doc. 317.
[6]   R. Doc. 319.
[7]   R. Doc. 320.

## I.   BACKGROUND

This is an asbestos-exposure case. Decedent Eldridge Joseph Sanchez, Jr. alleged that he was exposed to asbestos-containing products manufactured or sold by various defendants and/or their insureds, and developed mesothelioma as a result.

Defendants JCI, Pharmacia, Bayer CropScience, Crane, Century, Zurich, and Goulds have each moved for summary judgment, contending that there is no evidence that Sanchez was exposed to their respective products or, as to the insurance companies, the products of their insureds. Movants point to the summary-judgment record, including Sanchez's deposition testimony and expert reports, which they contend contains no evidence of exposure to their products. Movants assert that the claims of plaintiffs, and the cross-claims of Huntington Ingalls, Inc. ("Avondale"), must therefore be dismissed. There is no opposition to these motions.

The Court considers the motions below.

## II.   DISCUSSION

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.  *See Celotex*, 477 U.S. at 325.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.  *See id.* at 324.

    The Court finds that movants have each discharged their respective summary-judgment burdens by pointing out that plaintiffs' evidence is inadequate to meet the essential elements of their claims against them. Specifically, plaintiffs are unable to meet their burden to show that (1) Sanchez had "significant exposure" to movants' products, and that (2) exposure to their products "was a substantial factor in bringing about his injury."  *Rando v. Anco Insulations, Inc.*, 16 So. 3d 1065, 1091 (La. 2009) (quoting *Asbestos v. Bordelon, Inc.*, 726 So. 2d 926, 948 (La. App. 4 Cir. 1998)); *see also Vodanovich v. A.P. Green Indus., Inc.*, 869 So. 2d 930, 932 (La. App. 4 Cir. 2004) (indicating that plaintiff bears the burden of proof on both elements).  For these same reasons, movants have also discharged their

summary-judgment burdens as to Avondale's cross-claims against them, which arise solely out of Sanchez's allegations of asbestos exposure.[8]

No party opposes these motions for summary judgment. Accordingly, neither plaintiffs nor Avondale have not pointed to evidence creating an issue of material fact, nor have they provided the Court with any other reason to deny summary judgment to these movants. *See Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)). Accordingly, defendants' motions for summary judgment must be granted.

---

[8] *See* R. Doc. 3 at 21-23.

## III.   CONCLUSION

For the foregoing reasons, the Court GRANTS JCI's,[9] Pharmacia's[10] Bayer CropScience's,[11] Crane's,[12] Century's,[13] Zurich's,[14] and Goulds's[15] motions for summary judgment.  All claims against JCI, Pharmacia, Bayer CropScience, Crane, Century, Zurich, and Goulds are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __31st__ day of March, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[9]   R. Doc. 306.
[10]  R. Doc. 309.
[11]  R. Doc. 314.
[12]  R. Doc. 316.
[13]  R. Doc. 317.
[14]  R. Doc. 319.
[15]  R. Doc. 320.